## HUTCHINSON *v.* BOURS *et al.*

Where goods are in the possession of a factor, whose usual business it is to buy and sell goods on his own account, and who is clothed with the external evidences of ownership of the particular goods, such apparent ownership gives him the power to sell or pledge.

The rule as to the lack of power in factors to pledge, applies only to technical factors, whose notorious employment is to sell goods of others, consigned to them for that purpose.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

Action for damages for the trover and conversion of fifteen tons of wheat. The record discloses the following facts: Cole and Dodge, farmers, stored fifty-six tons of wheat with Montgomery & Co., auctioneers and commission merchants, in the city of Stockton. Montgomery & Co. sold twenty-five tons of the wheat for Cole & Dodge, the latter holding a storage receipt for the remaining thirty-one tons, which they subsequently assigned to the plaintiff in payment of stock purchased by them. Montgomery & Co. were also wholesale dealers in grain on their own account. Wm. Montgomery, one of the firm, borrowed $1,000 of defendant, giving as collateral security a storage receipt in his favor, signed by Montgomery & Co. Montgomery failing to pay the loan when due, the defendants applied for the wheat pledged, which was delivered to them in accordance with the terms of the loan. The plaintiff being unable to procure the wheat called for by his receipt from Montgomery & Co., brought this action.

On the trial, the jury, under the instructions of the Court, found a verdict for the plaintiff. One instruction asked for by defendants, and refused, is set forth in ·full in the opinion of the Court. Defendants moved for a new trial, which was denied, and judgment entered on the verdict. Defendants appealed.

*D. W. Perley* for Appellants.

The instructions now under consideration, involve the question as to how far a third party will be protected in dealing with a factor, as to goods of which he is in possession as the apparent owner, and when the party dealing with him has no knowledge as to the relation between him and his principal.

That a factor has power in such case either to sell or pledge, has been expressly decided by this Court in the case of Wadsworth *v.* Lent, at the October Term, 1855.

The Court say, "The factor is to all the world the apparent owner, and as far as affects the right of third persons his power over the goods is unlimited." He has the right to sell or pledge.

It is therefore unnecessary to review the authorities on this point.

The instruction given is directly contrary to the law, as laid down by this Court in the above case; and the fourth and fifth instructions which the Court refused, were based upon the decision therein.

*Hall & Huggins,* for Respondent.

The transaction constituted Montgomery a factor of Dodge & Cole. Factors have no power to pledge the goods of their principals. 2 Kent's Com., 625, 4th ed., and the authorities there cited; Story on Agency, pp. 127, 128, 129, and notes; ib., pp. 271, 272 and notes; Story on Contracts, p. 282; Wadsworth & Meisegaes *v.* R. S. Lent, Sup. Court Cal., Oct. T., 1855. He cannot pledge, either by the delivery of the goods themselves, or by the delivery of a bill of lading, or, as in this instance, by passing a receipt. Story on Contracts, p. 282. And if he does, the principal may, after demand and refusal, maintain *trover*

Hutchinson v. Bours.

for them against the pawnee.   Vol. 1st Dig. of Cases in Federal Courts, p. 735, § 53 ; 1 Mason, C. C. Rep., p. 440 ; 3 Mason, p. 232.   And no custom to sell can be pleaded.   4 Rawle R., 195.

The defendants *are chargeable with notice* of the title of the principal, as well *when the pledge was made* as when the property was delivered in satisfaction of the debt.   Story Ag., p. 272 ; Wadsworth & M. *v.* Lent, Sup. Court Cal., *et passim ;* Story on Contracts, § 363 and cases cited in the notes.

And although the relation existing between Dodge & Cole and Montgomery & Co. could be held to clothe the latter with *the power to pledge,* yet the possession acquired by the defendant, by means of Montgomery's receipt to them, was not such " an actual and continued change of possession" as against the plaintiff, who was a subsequent purchaser in good faith.   See sections 15 and 17, ch. I, Act concerning Fraudulent Conveyances and Contracts.

The opinion of the Court was delivered by Mr. Justice HEYDEN-FELDT.   Mr. Chief Justice MURRAY concurred.

The District Court erred in refusing to give the fifth instruction asked for by the defendant, to the effect " that if Montgomery & Co. were in possession of the property and clothed with the external evidences of ownership, and that it was part of their usual business to buy and sell goods on their own account, that such apparent ownership gave them power to sell or pledge."

The rule as to the lack of power in factors to pledge goods of their principals was referred to by this Court in the case of Wadsworth & Meisegaes *v.* Lent, 5 Cal. R.   This rule is only applicable where the party pledging is technically a factor, where his only business is to sell goods consigned to him for that purpose, wherefore, on account of his notorious employment, all the world is charged with notice that the goods in his possession are the property of others, and that he has power only to sell them, and no power to pledge them.

In this case Montgomery & Co. were not technical factors.   From all the proof, besides the business of commission merchants, they were regularly engaged in trade as general merchants, buying and selling on their own account, and especially so in reference to the very article which is the subject of this controversy.   With but a little difference in the facts, the case is similar to the one cited from 5 Cal. R.

The judgment is reversed and the cause remanded.