Clarke *v.* Huber.

---

## JEREMIAH CLARKE *v.* WILLIAM HUBER.

STATUTE OF LIMITATIONS.—The period of limitation in this State, to bar a right of entry upon real estate, commences to run from the 22d of April, 1855.

ESTOPPEL AT COMMON LAW.—At common law a purely equitable estoppel, or purely equitable title, could not be entertained, even if it were represented upon the record.

ESTOPPELS IN PAIS MUST BE PLEADED.—Under our system of practice equitable estoppels and defenses can be entertained in actions at law, but they must be specially stated in the answer.

EVIDENCE OF ESTOPPEL.—If an equitable estoppel, relied on in an action of ejectment, is not specially set up in the answer, evidence to sustain it should be rejected.

ARGUMENT IN SUPREME COURT.—The respondent on an appeal to the Supreme Court is at liberty to suggest any ground that he may choose, to show that the ruling of the Court below was right, whether the grounds suggested were advanced in the discussion before the Court below or not, while the appellant is confined to the objections urged in the Court below.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

Plaintiff recovered judgment, and defendant appealed.
The facts are stated in the opinion of the Court.

75

*Patterson, Wallace & Stow*, for Appellant.

*No ground* is given on which the objection to evidence of an equitable estoppel is based. It cannot, therefore, be said it was because the estoppel was not pleaded. If that had been the ground, the objection might have *been obviated* by an amendment of the answer.

The proof of the pointing out and location by Robles, the taking possession and the claim of ownership under the Koch deed, should have been received, and were sufficient to control the erroneous description in the deed, independent of the Statute of Limitations. (*Livingston* v. *TenBroeck*, 16 Johns. 482; *Jackson* v. *Vedder*, 2 Caines, 210; *Stanley* v. *Green*, 12 Cal. 162, 163.)

*J. Clarke*, for Respondent.


By the Court, SHAFTER, J.

This was an action of ejectment brought to recover the possession of a portion of the Rancho Santa Rita, situated in the County of Santa Clara.

In addition to the usual allegations in ejectment, it is averred in the complaint that " the plaintiff claims the premises and the possession thereof, under title derived from the Mexican Government, and that said title was, viz: on the first Monday in December, eighteen hundred and fifty-nine, finally confirmed by the legally constituted authorities of the United States, viz: the Supreme Court thereof."

The answer contains a general denial; a special plea of title in Henry A. Huber, containing an averment that the defendant is in possession of the premises by leave and license of the said Henry A. Huber; and a further plea of the Statute of Limitations. In this last plea the defendant impliedly admits that a Mexican grant embracing the property was confirmed by the Court, and at the date named in the complaint, but denies the allegation that the plaintiff claims the premises, or any part thereof, by virtue of such grant.

1. As to the title of Henry A. Huber, which the defendant justifies.

It was admitted at the trial that the lands described in the complaint were part of the Rancho Santa Rita, granted by the Mexican nation to José Pena; that the said grant had been finally confirmed by the Supreme Court of the United States in December, eighteen hundred and fifty-seven, to José Teodoro Robles and Secundino Robles, grantees of said José Pena.

It further appeared that José Teodoro Robles, one of the tenants in common, on the 2d of April, 1858, conveyed an undivided moiety of said rancho to Antonio Larrain, who conveyed the same to Vallejo, who conveyed to the plaintiff on the 25th of March, 1859. It was admitted that the plaintiff and defendant both claimed under the aforesaid grant.

It appeared from evidence introduced by defendant that José Teodoro Robles, having first procured from Secundino Robles a conveyance of all his interest in the said rancho, conveyed (as we shall for the purposes of the present investigation assume) three hundred and twenty acres of the rancho to Louis and Wilhelmina Koch, on the 8th day of February, 1853, and that the said grantees conveyed the same to the said Henry A. Huber on the 23d day of September, 1853. It further appeared that the defendant was in possession of the lands described in the complaint by the license alleged in the answer.

The defendant, for the purpose of proving that the lands described in the complaint were included in the deed under which Huber claimed from Robles, produced a plat of survey, and called the surveyor by whom it was made as a witness. The witness testified in chief that the survey was correct, and that the deeds of Huber included the land in controversy; but on cross examination he admitted that he had made a mistake in his survey, and that no part of the premises demanded were in fact included in the title deeds of Huber. These deeds called for a parallelogram, one thousand varas north and south by fourteen hundred varas east and west,

but the survey and plat had been made on the false supposal that the true north was north thirty-three degrees east, and the true south south thirty-three degrees west. This was all the testimony introduced upon the question of the location of the lands called for by the deeds relied upon by the defendant, and it was decisive to show that the premises described in the complaint were not included within them.

2. As to the defense of the Statute of Limitations.

It appeared in evidence that the defendant, under the license before named, entered upon the premises in eighteen hundred and fifty-four, and inclosed them with a fence, and that he had possessed them ever since. This action was commenced on the 17th of April, 1860.

In *Billings* v. *Harris*, 6 Cal. 383, the Act of eighteen hundred and fifty-five, passed on the twenty-second of April of that year, was held to be the only Statute of Limitations applicable to actions for the recovery of real property, and that the time fixed therein runs only from the passage of that Act. This decision was reaffirmed in *Billings* v. *Hall*, 7 Cal. 3, and it is now too late to question the correctness of the rule established by those cases. This action was commenced five days before the expiration of the five years.

3. It appears from the record that the defendant, in the course of the trial below, offered to prove " that when Henry A. Huber was about to purchase of the Kochs the tract of land described in the deed to said Henry A. Huber, already given in evidence, and before he paid the purchase money, the plaintiff's grantor, Robles, went with said Koch and said Huber on the land now in possession of defendant, and pointed out to said Huber the lands now in the possession of defendant as the land embraced in the deed of Robles to Koch, said Robles then knowing that said Huber was about to purchase the same; and that, after so pointing out the same, said Huber immediately purchased the same, and paid said Koch three thousand dollars therefor; and immediately thereafter the defendant, as the agent and servant of said purchaser, took

possession of the premises so pointed out, and has ever since continuously occupied the same."

The introduction of this evidence was objected to by the plaintiff, and the objection was sustained by the Court. To this ruling the defendant duly excepted.

For all the purposes of this hearing the respondent concedes that the facts embraced in the defendant's offer would amount to an estoppel, but he justifies the ruling excluding the evidence on the ground that the estoppel was not specially set up in the answer.

The appellant, in reply to this objection, insists that by the rule of the common law it was not necessary that estoppels *in pais* should be specially pleaded, and authorities are cited in support of this position.

It may be admitted that at common law estoppels of that character might be proved under the general issue; still it is to be borne in mind that a purely equitable estoppel, or purely equitable title, could not be entertained at common law even if it were represented upon the record, for the reason that the common law Courts have no jurisdiction over such titles considered as a subject matter. Under our system, however, the jurisdictional difficulty has been overcome; but still the decisions of this and of the late Supreme Court require that in actions at common law all equitable defenses should be specially stated in the answer. If they are not so stated they are waived for all the purposes of the action. (*Arguello* v. *Edinger*, 13 Cal. 600; *Lestrade* v. *Barth*, 19 Cal. 660; *Downer* v. *Smith*, 24 Cal. 114; *Blum* v. *Robertson*, 24 Cal. 127.)

The defense which the appellant offered to prove was not only an equitable defense, but was one over which the jurisdiction in equity was exclusive. The rejected evidence was not offered for the purpose of proving a boundary agreed upon, by parol, between conterminous proprietors, followed by possession conforming to the agreed line; nor was it offered for the purpose of fixing the position of a monument called for by a deed, as in *Stanley* v. *Green*, 12 Cal. 162. It stands confessed that Huber had no deed applicable to the premises in

controversy.  Assuming the facts embraced in the offer, Huber has a right, perhaps, as against Clarke, to have his deed reformed, or a right to compel Clarke to give a new deed to him embracing the demanded premises.  But this right is not only an equitable right in view of its origin and subject matter, but for the further reason that under the old system it would be cognizable in equity only.  From these views it follows that the evidence offered to prove the right at the trial was properly excluded.

It is further insisted for the appellant that inasmuch as the objection taken by the respondent to the introduction of the evidence was a general one, he ought not now to be permitted to justify the ruling on the ground that the equitable right was not specially pleaded.

The reasoning, pushed to its consequences, would preclude the respondent from submitting any argument in favor of the ruling.  It is unnecessary, however, to consider the question upon principle, for it is well settled that the burden of showing error is upon the party who alleges it.  The error alleged here is the exclusion of the defendant's testimony.  The respondent is at liberty to suggest any ground that he may choose, to show that the ruling was right, whether advanced in the discussions below or not.  If the testimony had been admitted, and Clarke had appealed, he would have been required to confine himself to objections specifically taken at the trial and stated in the record.  The distinction is between the case of a party seeking to reverse a judgment and that of a party resisting the attempt.

Judgment affirmed.