## Case No. 17,591.

### WHITNEY v. The MARY GRATWICK.

[2 Sawy. 342.][1]

District Court, D. California. Feb. 3, 1873.[2]

MASTER'S LIEN FOR WAGES UNDER STATE STATUTE.

The master of a vessel exclusively engaged in navigating the interior waters of this state may maintain a libel, in rem, for his wages and advances—when a lien therefor is created by the state law.

[Cited in The Louis Olsen, 52 Fed. 653; The City of Norwalk, 55 Fed. 106; The Julia, 57 Fed. 235; The Louis Olsen, 6 C. C. A. 608, 57 Fed. 846.]

[This was a libel for wages by W. J. Whitney against the scow-schooner Mary Gratwick.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[2] [Affirmed by circuit court, case unreported.]

D. J. Sullivan, for libelant.
Leander Quint, for claimant.

HOFFMAN, District Judge. The libel in this case is filed by the master, in rem, against the above named vessel, to recover his wages, and for supplies furnished by him during various voyages between different places on the Bay of San Francisco. The claimant excepts, on the ground that the master has no lien on which to maintain a libel, in rem, for wages or supplies.

It is well settled that in all suits by material men, for supplies, repairs or other necessaries furnished to domestic ships, the libellant may proceed, in rem, against the vessel wherever, by the local law, a lien is given to material men for such supplies, repairs or other necessaries. This right was expressly recognized by rule 12 of the supreme court, and though, by the amended rule of 1859 this right was taken away, it has been explicitly declared by the supreme court that the amendment was not adopted on the ground of any supposed want of jurisdiction in the admiralty courts to enforce such liens, but on considerations of policy and convenience. In 1872 rule 12 was again amended, so as to permit all material men to proceed against the ship in rem. This last amended rule differs from the original rule of 1844, in not restricting the right of domestic material men to proceed, in rem, against the vessel, to those cases where a lien is given by the local law. It is unnecessary to inquire whether by this amended rule the supreme court intended to overturn the authority of the case of The General Smith [4 Wheat. (17 U. S.) 438], in which it was held that, in respect to materials and supplies furnished a ship in the port, or state to which she belongs, the case is governed by the municipal law of the state; or to consider whether the supreme court can, by adopting a rule of practice, change the law as established by its own judicial decision in a case regularly and formally submitted to it. For the purposes of this case, it is sufficient to say that by rule 12 of 1844, and the amended rule of 1872, and in numerous decisions both of the supreme and district courts, the principle is recognized, that where, by the lex loci contractus, a lien is attached to a contract maritime in its nature, the courts of admiralty will give effect to the right so created by a proceeding in rem.

The latest case to which this principle has been applied by the supreme court, is Ex parte McNeil, 13 Wall. [80 U. S.] 236. In that case an application was made for a petition to the judge of the United States district court for the Eastern district of New York, to restrain him from enforcing a decree rendered by him in favor of a pilot, for the half pilotage allowed by the laws of New York, to pilots whose services have been offered and declined. The suit does not appear to have been in form in rem. The libel was filed against the owners of the vessel, who were not found; the vessel was then attached, whether by a process in rem or under a writ of foreign attachment, does not clearly appear. But the court, in its opinion, states the grounds relied on in support of the application, as follows: (1) That the district court had no jurisdiction of the cause of action stated in the libel; and (2) that no lien existed on the vessel enforceable in the admiralty.

With reference to this last objection, the court held that though a state law cannot give jurisdiction to a national court, it may yet give a right of such a character, that where there is no impediment arising from the residence of the parties, the right may be enforced in the proper national tribunal, whether it be a court of equity, of admiralty, or of common law.

In the able paper on "Admiralty Rule 12," in the American Law Review for October, 1872, this decision is treated as establishing not only that the tender of services by a pilot is a maritime transaction, of which the court of admiralty had jurisdiction, but also that the lien of the pilot created by the laws of New York, is a lien enforceable in the court of admiralty. The same principle has been applied in several instances by the district courts to the case of masters of foreign vessels, where, by the law of the flag, they were entitled to liens for their wages. The New Jersey [Case No. 5,233]; The Havana [Id. 6,226]; The George Prescott [Id. 5,339]; The Sailor Prince [Id. 12,219]; The Island City [Id. 7,109]; The Pawashick [Id. 10,851].

In the case of The Young Mechanic [Case No. 18,180], Mr. J. Curtis considers, in an elaborate opinion, the nature of the lien upon domestic ships, created by local law in favor of material men. He holds that it is identical with the jus in re or maritime lien given by the maritime law to material men on foreign vessels.

It seems clear, therefore, that the master's contract, being in its nature maritime, and enforceable in the admiralty by a suit in personam, it will also be enforced in rem, if, by the law of the state where the contract was made and the services performed, a lien in his favor is created. The laws of this state declare, in the most explicit terms, that steamers, vessels and boats shall be liable for services rendered on board, and for supplies furnished for their use at the request of their respective owners, masters, agents or consignees, and that such causes of action shall constitute liens upon all steamers, boats, vessels, etc. Prac. Act, § 317.

I am unable to perceive how the master who has rendered services or furnished supplies at the request of the owner, agent or consignee, can be deprived of the benefit of these provisions.

The exceptions must be overruled, and the claimant assigned to answer on the merits.

[On appeal to the circuit court, the above decree was affirmed at the July term, 1874, per Mr. Justice Field. Case unreported.]