CITY AND COUNTY OF SAN FRANCISCO, Appellant, v. SPRING VALLEY WATER WORKS, Respondent.

## No. 3699; July 16, 1873.

Appeal.—On a Second Appeal of a Case a Party may not Avail Himself of a ruling made at the first while denying the truth of matter on which that ruling was based.

Evidence.—Matters Set Up in the Complaint and not Denied in the answer are deemed admitted.

Waterworks—Free Supply to City.—In an Act Granting a Franchise to waterworks proprietors and fixing their relations with a city they propose to supply, a provision whereby, in case of fire, their pipes may be tapped by the fire department free of charge until the introduction of water into the city by some other person, after which they are to "furnish for fire and other municipal purposes their quota or proportion," etc., is to be construed as requiring these proprietors to furnish their quota or proportion free of charge for all municipal purposes.

Waterworks—Interpretation of Franchise.—In an Act Granting a Franchise to waterworks proprietors and fixing their relations with a city they propose to supply, the words "shall be introduced into," as employed in the phrase "until such time as water shall be intro-

duced into such city . . . . by some other person"—so employed to mark an event which shall work a change in one feature of these relations—are construed as meaning "shall be provided for."

**Waterworks—Time for Laying Pipe.—If an Act Granting a Franchise** to waterworks proprietors and fixing their relations with a city they propose to supply requires a certain amount of pipe to be laid in the city within a named time, and if subsequently the legislature enlarges this time by an amendment, in no manner changing the words of the act otherwise, the duties of the waterworks proprietors toward the city remain as before except that they have additional time for laying pipe.

APPEAL from Fifteenth Judicial District, San Francisco County.

W. C. Burnett for appellant; Charles N. Fox for respondent.

See San Francisco v. Spring Valley Water Works, 48 Cal. 493.

CROCKETT, J.—The defendant contends that all the questions arising on this appeal, except that of former recovery, are precisely the same which were adjudicated by this court, and are claimed to have been decided against the plaintiff on the former appeal: San Francisco v. Spring Valley Water Works, 39 Cal. 473. But we are of a different opinion. On the former appeal the only questions before us were: first, whether the court below properly refused to grant a temporary injunction; second, whether the court erred in sustaining the demurrer to the complaint. On the first point we affirmed the order denying the injunction, and decided that, inasmuch as the complaint contained no sufficient averment to the effect that water had been introduced into the city and county by any other person, it was not incumbent on Ensign and his associates, or their successors, until the happening of that event, to furnish water free of charge for general municipal purposes, exclusive of that required for the extinguishment of fires., We held that such a duty would in no event arise until the happening of that event, if it should occur, and that the complaint failed to aver that the event had transpired. On this ground we held that the injunction was properly refused, as the facts were then presented. This was

all that the exigency of the case required us to decide on that point; and in the view which we took of the complaint, it did not present the question whether it would be the duty of the defendant to furnish water free of charge for general municipal purposes after someone else had introduced water into the city and county. Whatever was said or intimated on that point in the opinion of the court was obiter dictum, provided the view taken of the complaint was the correct one. But it is now said that the court misconstrued the complaint, and that it did in fact contain the averment which was assumed to have been omitted. However this may be, the defendant is estopped from raising the point. The adjudication of the court as to the character of the complaint and its legal effect has become the law of the case, and it is too late now to inquire into its correctness. It may be remarked, however, that if the court fell into an error in the particular referred to, the counsel who now raises the point fell into the same error; for, on referring to his brief on the former appeal, we find the statement that "the complaint not only fails to show, but it positively negatives, the proposition that any other person or persons have introduced water into said city and county." The defendant has had the benefit of a favorable ruling by this court on the assumption that the above statement was true; and we are now asked to decide that the plaintiff shall be precluded from supplying the omitted averment, on the ground that it is not true that the omission existed. But the defendant will not be permitted to claim the benefit of our former ruling and at the same time to repudiate the existence of the assumed fact on which the ruling was based. We are, therefore, of opinion that we are not precluded on this appeal from considering the legal effect of the averment in the second amended complaint in respect to the introduction of water by the San Francisco City Water Works in September, 1858.

On the former appeal we had no occasion to decide, as we construed the complaint, whether it would be incumbent on the defendant to furnish water free of charge for general municipal purposes after water had been introduced by some other person or corporation. But on the return of the case to the court below the complaint was amended by inserting

an averment to the effect that the San Francisco City Water Works was authorized and required, by proper laws and ordinances, to introduce water into the city and county for fire, municipal, and other purposes, and that in pursuance of its authority it introduced the water on the 16th of September, 1858, and continued to supply it until the year 1865, when its works and franchise were conveyed to the defendant. The franchise to Ensign and his associates now held by the defendant was granted by the act of April 23, 1858, and was, therefore, prior by some months to the introduction of water by the other company. These facts are not denied by the answer, and are, therefore, to be deemed admitted.

The plaintiff contends that under the third section of the Ensign act it became the duty of the defendant to furnish water free of charge for general municipal purposes so soon as water should be introduced by some other person or corporation, and it claims that this event happened on the 16th of September, 1858, when water was introduced by the other company as above stated.

The third section of the act is in these words: "The chief engineer of the fire department, under the direction of the board of supervisors of said city and county of San Francisco, shall have the right to tap any pipes so laid down, and connect hydrants therewith, for the extinguishment of any fire or fires, during the pendency of the same, free of charge, to the full capacity of the said waterworks, up to and until such time as water shall be introduced into such city and county by some other person or persons; thereafter said Ensign and his associates or their assigns shall furnish for fire and other municipal uses their quota or proportion of whatever water may be produced by them, or may be introduced by any other person or persons."

The only doubt which can arise in construing this provision proceeds from the words "and other municipal uses" in the last clause. If these words had been omitted, it would have been perfectly obvious that it was the duty of Ensign, his associate and assigns, to furnish water free of charge for the extinguishment of fires, to the full capacity of their works, if necessary, up to the time when water should be introduced by some other person, and that thereafter they should be required to furnish only "their quota or propor-

tion,'' free of charge. But it would not, either before or after the introduction of water by another person, have been their duty to furnish water free of charge for other municipal uses. On the former appeal Mr. Justice Temple, in delivering the opinion of the court, said: ''If we read the section omitting the words 'for fire and other municipal uses,' we find the section complete in itself, and free from all difficulty. The provision that thereafter they shall furnish their quota or proportion is a qualification to the requirement that theretofore they should furnish all to the extent of the capacity of their works. It was a division of a burden, which up to that time they were required to sustain alone, with any other party who might afterward introduce water into the city. And there can be no doubt that they will be required to furnish their proportion of water after the burden shall be thus divided upon the same terms that they are previously required to furnish all—that is, free of charge.''

We fully acquiesce in this construction of the statute. But it is clear that after water shall have been introduced by some other person, it will be the duty of the defendant, as the successor of Ensign and his associates, not only to furnish free of charge its quota of water for the extinguishment of fires, but also to furnish its quota for other municipal uses; and whether this shall be for a compensation to be paid or ''free of charge'' is the point in issue here. That it shall furnish its quota for general municipal purposes can admit of no doubt, for the statute expressly requires it to do so whenever water shall be introduced by another person; and if that event has happened, it must furnish its quota either for a compensation or without it, according to the interpretation to be placed upon the statute. As I construe the statute, it contemplates that, on the happening of the specified contingency, the defendant shall furnish its quota of water for all municipal purposes, free of charge. We have already seen that its quota for the extinguishment of fires was clearly intended to be without charge, and if it had been the intention to discriminate between water furnished for that purpose and for other municipal uses, the presumption is strong that the statute would have so provided. So far from this, the statute, after requiring the defendant to furnish, free of charge, its quota of water for fires, immediately adds the words ''and other

municipal uses,'' with nothing to indicate that water for these ''uses'' must be paid for, or was to stand upon a different footing from water furnished for fires. It is made the duty of the defendant to furnish the water, and the statute omits to impose upon the plaintiff any obligation to pay for it, from which no other reasonable inference can be drawn than that it was to stand on the same footing with water furnished for fires. Moreover, if it was intended that water for municipal uses, other than the extinguishment of fires, should be paid for, it was wholly superfluous to insert a provision requiring the defendant to furnish it, as the city and county, like any other consumer, would be entitled to the water on paying for it; and if it was to be paid for, it is yet more strange that the statute should excuse the defendant from furnishing it until after somebody else had introduced water into the city, when there would be much less need for it than before. On no reasonable construction can the statute be held to justify the interpretation placed upon it by the defendant.

But has the event happened on the occurrence of which the duty was to arise to furnish water for general municipal uses? The franchise to Ensign and his associates was granted by the act of April 23, 1858, and water was introduced into the city by the San Francisco City Water Works during the following month of September, and continued to be supplied by that company to the inhabitants until its franchise and works were conveyed to the defendant in 1865. On the happening of this event the defendant apparently became liable to furnish its quota of water for general municipal uses, free of charge, under the Ensign act. The argument for the defense on this branch of the case is, first, that the duty of the defendant in this respect was to commence only when water should be ''introduced in said city and county by some other person or persons''; and it is said that water was not introduced into the city and county by the San Francisco City Water Works from without, but was furnished from a source within, the territorial limits of the city and county; second, that the Ensign act was amended or re-enacted by the act of April 11, 1859, and that the franchise took effect only from that date, which was subsequent to the introduction of water by the other company; and that by the very letter of the third section the duty did not arise until water should be thereafter

introduced by some other person, which, of course, could have no reference to water already introduced by the San Francisco City Water Works. But neither of these points is tenable. When the statute employs the phrase, "shall be introduced into said city and county by some other person or persons," it had no reference to the place from which the supply was to come, whether from within or without the territorial limits of the city and county, but only to the fact that a supply of water should be utilized and distributed for the use of the inhabitants. The term "introduced into," as here used, is an equivalent for the phrase "provided for." This is perfectly apparent, when reference is had to the purpose of this provision, which was to impose certain duties on Ensign, his associates and assigns, in respect to furnishing water for fires and other municipal uses, in the event that a supply of water should also be furnished for similar uses by some one else. It would have been absurd to make these duties depend upon the fact whether the other supply came from within or without certain territorial limits, and it is evident the legislature had no such purpose.

On the second point, it is to be observed that by the first section of the act of April 23, 1858, Ensign and his associates were required to lay down a certain amount of pipe within one year after the passage of the act. This section was re-enacted by the act of April 11, 1859, in totidem verbis, with the exception that the time limited for laying down the pipe was to be two years from the passage of that act, instead of one year from the passage of the former act. Its effect was merely to extend the time, and there was no attempt to repeal or modify the other sections of the first act, and they, therefore, remained in force from April 23, 1858, with like effect as though the first section had not been amended. They took effect and were operative from that date, and their operation was in no wise suspended or modified by the amendment of the first section. The proposition decided in Billings v. Harvey, 6 Cal. 383, and subsequent cases, therefore, has no application to the question. The duties imposed on Ensign and his associates by the third section remained wholly unaffected by the fact that in 1859 the legislature extended the time within which they were to lay down certain pipes; and though it may be true, as claimed by counsel, that the first section

of the original act did not remain in force after the passage of the amendatory act, it by no means results that, when the third section speaks of water to be introduced by some other person, it should be held to refer only to water to be introduced after the passage of the amendatory act. On the contrary, by every just rule of interpretation it must be deemed to refer to the introduction of water at any time after that section took effect.

It appears from the original act that two other companies had already been organized for the purpose of supplying the city with water, and their rights are expressly reserved as against Ensign and his associates. One of these companies introduced water into the city a few months after the passage of the Ensign act, and when the third section refers to the introduction of water by others, it doubtless had special reference to one or both of these companies. I am, therefore, of opinion that when one of them introduced water into the city, the contingency had happened on which it became the duty of Ensign, his associates and assigns, to furnish their quota of water, free of charge, not only for the extinguishment of fires, but also for other municipal uses.

This view of the case renders it unnecessary to consider the question of former recovery.

Judgment and order reversed and cause remanded for further proceedings in accordance with this opinion.

We concur: Niles, J.; Belcher, J.; Rhodes, J.