## HORACE GATES *v.* FRANCIS SALMON *et als.*

APPEAL IN ACTION FOR PARTITION.—An appeal does not lie from an interlocutory judgment, rendered in an action for partition, determining the interest of the several parties and appointing a referee to make a partition and report the same to the Court.

RETROACTIVE EFFECT OF ACT ALLOWING APPEALS.—The Act of March 23d, 1864, allowing an appeal from a judgment in cases of partition, " which determines the right of the several parties and directs partition to be made," is not retroactive so as to apply to such judgments which had already been entered.

STATUTORY CONSTRUCTION.—Statutes should not be so construed as to give them a retroactive operation unless it is clearly apparent that such was the intention.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*F. D. Colton,* for Appellants.

*J. McM. Shafter*, and *N. Bennett*, for Respondents.

By the Court, SAWYER, J.

This is an appeal from an interlocutory judgment, entered February 26th, 1864, determining the interest of the several parties, settling the principle upon which a partition is to be made, and appointing referees to make a partition, and report the same to the Court. There are two appeals. The first was taken March 30th, and the second May 27th, 1864. The respondents move to dismiss the several appeals, on the ground that no appeal lies from the judgment. The question must be determined upon the provisions of the Practice Act. We have carefully examined the points made by the light of the arguments of counsel, and without discussing the questions here, we are satisfied that, under the provisions of the Practice Act relating to partitions, the judgment appealed from is not a "final judgment in an action or special proceeding," within the meaning of the provisions of section three hundred and forty-seven, prescribing the cases in which appeals to this Court may be taken. The judgment is merely interlocutory, and not final. After the report of the referees is made and confirmed, the Court renders its judgment thereon, and this becomes the final judgment from which an appeal can be taken by any party to the suit who is aggrieved; and on such appeal "any intermediate order involving the merits and necessarily affecting the judgment may be reviewed."

On the 23d of March, 1864—about a month after the entry of the interlocutory judgment appealed from—the Legislature passed an Act authorizing an appeal to " be taken from a judgment or decree of the Court in cases of partition, which determines the right of the several parties and directs a partition to be made "—which Act took effect sixty days after its passage. Soon after this Act took effect, the appellants took the second appeal, for the purpose of availing themselves of its provisions in case it should be held that the first appeal would not lie. This Act contains no provision making it retroactive,

41

so as to apply to such interlocutory judgments as had already been entered. To give it such an effect might produce great confusion and injustice. If it would apply to this case, it would also embrace all cases already in judgment, no matter how long since the judgment was entered; for there is no limitation as to time. Besides, a party entitled to appeal is entitled to annex a statement to the record, provided it is prepared within twenty days. But there is no provision for preparing statements in those cases wherein more than twenty days had elapsed since the entry of the judgment appealed from, and in such cases the parties might not be able, for this reason, to present the full merits of their case. This case itself would furnish an illustration of the inconvenience that might accrue. At the time the interlocutory judgment was entered, and for more than twenty days thereafter, no appeal could be taken, as we have just held. Until after the twenty days expired, therefore, the appellant was not entitled, under section three hundred and thirty-eight, to make any statement at all; for he was only entitled to annex a statement to an appealable order or judgment. In this case, however, the appellant, acting upon the hypothesis that an appeal would lie, prepared and served a statement, but only two or three out of the upwards of a hundred and sixty parties paid any attention to it, and it may be for that reason, that they regarded it as a nullity, as it undoubtedly was. If this statement could be used on an appeal authorized after the time for filing statement had elapsed, it might be greatly to the disadvantage of those parties who took no part in making it up. It is altogether probable that the Legislature, if it had intended to make the law operate upon past judgments, would have provided some mode for making up statements. We cannot think so important a provision would have been omitted, and this omission appears to us to afford a good illustration of the wisdom of the rules of construction which require statutes to be so construed, as not to give them retroactive operation unless it is clearly apparent that such was the intention. No

such intention is manifest in this Act.    We are, therefore, of the opinion that the appeal must be dismissed.

We have come to this conclusion with great reluctance; for it is quite obvious, that the ends of justice would be greatly promoted by allowing appeals from these interlocutory orders, before great expense has been incurred in making partitions of large ranchos—like the one now in question—held by a great number of tenants in common.    But we must administer the law as we find it, notwithstanding the fact, that this course, may, in some instances, result in great inconvenience.    If, however, the partition is finally made in pursuance of the directions of the order appealed from, the appellants may, after all, obtain the lands they seek to have set off to them.

Appeal dismissed.

Mr. Justice SHAFTER, having been of counsel, did not sit on the hearing of this cause.

Mr. Justice CURREY expressed no opinion.