[No. 7,529.—Department One.]

## PETER G. SHARP v. JOHN M. BLANKENSHIP.

STATUTE OF LIMITATIONS—CONSTITUTIONAL LAW—TITLE.—Actual and adverse possesion of land for the period required by the Statute of Limitation confers a perfect title thereto, which can not be taken away by the Legislature.

ID.—PAYMENT OF TAXES—CONSTRUCTION OF CODE.—The amendment of April 1st, 1878, of section 325 of the Code of Civil Procedure, requiring proof of payment of taxes in order to establish an adverse possession, is not retroactive.

APPEAL from a judgment for the defendant and from an order denying a new trial in the Superior Court of San Joaquin County. BUCKLEY, J.

*J. B. Hall,* for Appellant.

*F. T. Baldwin* and *J. C. Campbell,* for Respondent.

McKINSTRY, J.:

Ejectment. The Court below charged the jury, that plaintiff could not have acquired any right by virtue of an adverse possession commencing in 1860 or 1861, and continuing up to 1877, unless plaintiff had paid all State, county, and municipal taxes assessed on the land in suit. This was error. Prior to the alleged ouster by defendant in 1877 (as evidence on the part of plaintiff *tended* to prove) plaintiff and his grantor had been for more than five years in the actual, continuous, and adverse possession of the demanded premises, claiming title thereto.

Prior to April 1st, 1878, section 325 of the Code of Civil Procedure read:

"For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, judgment, or decree, land is deemed to have been possessed and occupied in the following cases only: 1. Where it has been protected by a substantial inclosure. 2. Where it has been usually cultivated or improved."

On the day last named the section was amended by adding thereto:

"Provided, however, that in no case shall adverse possession be considered established under the provision of any section or sections of this Code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have paid all the taxes, State, county, or municipal, which have been levied and assessed upon such land."

If plaintiff and his predecessor had actual and adverse possession of the premises in controversy continuously more than five years, plaintiff acquired a perfect title thereto, which could not be taken away by the Legislature. (*Langford* v. *Poppe*, 56 Cal. 73; *Cannon* v. *Stockmon*, 36 id. 540; *Winthrop* v. *Benson*, 31 Me. 384; *Arrington* v. *Liscom*, 34 Cal. 381; *Leffingwell* v. *Warren*, 2 Black, 605.) But this has not been attempted. The amendment to section 325 (Code Civ. Proc.) does not purport to be retroactive. No part of the Code is retroactive unless expressly so declared. (Code Civ. Proc., § 3.)

The question whether plaintiff did or did not have adverse possession for the statutory period was, of course, for the jury. But as there was sufficient evidence, tending to prove the fact, to require that the question be submitted to the jury—and the Court did submit it to them—it was error to charge that their finding as to such possession depended upon a circumstance which did not constitute a legal element of adverse possession, during the time when, if ever, the statutory period was running.

Judgment and order reversed and cause remanded for a new trial.

Ross, J., and McKee, J., concurred.