[L. A. No. 6784. In Bank.—September 30, 1921.]

In the Matter of the Estate of BENJAMIN M. FREES, Deceased.

[1] COMMUNITY PROPERTY—SECTION 164 OF THE CIVIL CODE—STATUTORY CONSTRUCTION.—Two rules have been uniformly adhered to in the interpretation of section 164 of the Civil Code and its amendments: First, that the law has been construed as applying only to property acquired in California, or by persons domiciled here; and second, that amendments are not to be construed as retroactive, unless the language thereof compels such a construction.

[2] ID.—PROPERTY ACQUIRED IN OTHER STATES—STATUS OF.—Notwithstanding the definition of community property has in terms included all property acquired by the husband or wife after marriage, other than that acquired by gift, bequest, devise, or descent, it has uniformly been held that property acquired in other states by persons domiciled therein and subsequently brought to California by them at the time of establishing residence in this state, retained the status that it had in the state where it was acquired, regardless of our definition of community property.

[3] STATUTORY CONSTRUCTION—CODES AND AMENDMENTS NOT RETROACTIVE.—The Civil Code expressly provides that no part of it is retroactive unless expressly so declared, which rule applies to the amendments to that code as well; and it is a general rule of statutory construction that statutes should not be construed retrospectively unless it is clear that such was the legislative intention.

[4] COMMUNITY PROPERTY—PROPERTY ACQUIRED OUTSIDE OF STATE—CONSTRUCTION OF SECTION 164 OF THE CIVIL CODE.—The clause of section 164 of the Civil Code, as amended in 1917, referring to personal property, construed prospectively and not retrospectively,

as required by our code and by our decisions, should read that personal property wherever situated (thereafter) acquired by a person while domiciled elsewhere which would not have been the separate property of either husband or wife, if acquired while domiciled in this state, is community property; and so construed all personal property owned by a decedent at the time of his removal to California in 1910 would be his separate property according to the law in force at that time, and would be unaffected by the amended definition of community property of 1917, where the property was separate property under the law of the state in which it was acquired.

[5] ID.—SECTION 1402, CIVIL CODE—INHERITANCE TAX ACT OF 1917.—Section 1402 of the Civil Code, providing for the succession to the community property of a decedent, would have no application to such separate property, and section 1 of the Inheritance Tax Act of 1917, which refers only to the community property to which the wife would succeed under section 1402 of the Civil Code, would have no application to such separate property.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

James L. Atteridge, John W. Carrigan and Karl R. Levy for Appellant.

Allen E. Rogers for Respondent.

WILBUR, J.—This is an appeal by the controller of the state from an order fixing inheritance taxes. The question involved is as to the exemption of the wife's interest in community property under the Inheritance Tax Act of 1917 (Stats. 1917, p. 880), in effect at the time of the death of the decedent, which occurred May 28, 1920.

The deceased left property appraised by the inheritance tax appraiser at $1,526,858.76.

The inheritance tax appraiser in his report had fixed a tax upon the widow's interest of $91,506.18, said amount being estimated upon $933,301.47, appraised as follows: Bequest, $100,000; residuary legacy, $833,301.47. This report was objected to by the widow, Ella R. Frees, the respondent, who claimed a deduction from the appraised value of the property bequeathed to her of an amount equal to one-half the value of the entire community property, to wit, of $677,-

706.82. The court sustained the widow's contention and made the deduction claimed from the value of the estate bequeathed to the widow ($933,301.47), leaving a balance of $255,594.65 upon which the tax was estimated, after allowing a $25,000 exemption. The amount of the tax thus fixed was $15,069.47. The appellant claims that the order fixing the tax was erroneous because of the deduction of $677,706.83.

Ella R. Frees, the respondent, was married to Benjamin M. Frees April 10, 1867, in the state of Wisconsin. At the time of their marriage the husband had property valued at $20,000. It was admitted by the respondent that this amount, together with five per cent interest per annum, aggregating $53,000, was separate property. The deceased and his wife, the respondent, went to Chicago, Illinois, immediately after their marriage and remained as residents thereof until November, 1910, at which time they came to California and resided here from that time until the death of the husband. At the time the amendment of 1917 of section 164 of the Civil Code went into effect there had been accumulated as rents, issues, and profits of the property brought to California by the decedent, $300,000, and thereafter up to the time of his death from the same sources the estate was increased $200,000. The balance of the property, about $1,000,000, was personal property accumulated in the state of Illinois. The decedent left a will wherein a legacy of $100,000 was made to his wife and she was also made the residuary legatee. The latter bequest is appraised at $833,301.47. No question is raised as to the value of the estate given to the wife or as to the proper interpretation of the will. The only question presented is as to the proper interpretation of the Inheritance Tax Act of 1917, with relation to community property, and as incidental thereto the question of the effect of the new definition of community property contained in the amendment to section 164 of the Civil Code (Stats. 1917, p. 827), which was approved May 23, 1917, and went into effect July 27, 1917, on the same days that the Inheritance Tax Act of 1917 was approved and took effect.

Section 1, sudivisions 1 and 2, of the Inheritance Tax Act of 1917 is as follows: "Section 1. (1) This act shall be known as the 'inheritance tax act.' (2) The words

'estate' and 'property' as used in this act shall be taken to mean the real and personal property or interest therein of the testator, intestate, grantor, bargainor, vendor, or donor passing or transferred to individual legatees, devisees, heir, next of kin, grantees, donees, vendees, or successors, and shall include all personal property within or without the state; provided, that *for the purpose of this act the one-half of the community property which goes to the surviving wife on the death of the husband, under the provisions of section one thousand four hundred two of the Civil Code, shall not be deemed to pass to her as heir to her husband, but shall, for the purpose of this act, be deemed to go, pass, or be transferred to her for valuable and adequate consideration and her said one-half of the community shall not be subject to the provisions of this act;* provided, further, that in case of a transfer of community property from the husband to the wife, within the meaning of subdivisions (3) or (5) of section two of this act, one-half of the community property so transferred shall not be subject to the provisions of this act; and provided, further, that the presumption that property acquired by either husband or wife after marriage is community property, shall not obtain for the purpose of this act as against any claim by the state for the tax hereby imposed; but the burden of proving such property to be community property shall rest upon the person claiming the same to be community property." (Italics ours.) Section 1402 of the Civil Code referred to in the above-quoted section provides that "Upon the death of the husband, one-half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition, goes to his descendants, equally, . . . In case of the dissolution of the community by the death of the husband, the entire community property is equally subject to his debts, the family allowance, and the charges and expenses of administration." For a definition of community property we must look to section 164 of the Civil Code, above referred to. As amended in 1917, that section reads as follows: "All other property acquired after marriage by either husband or wife, or both, including real property situated in this state, *and personal property wherever situated, acquired while domiciled elsewhere, which would not have been the separate property of*

*either if acquired while domiciled in this state, is community property; . . .* " (Italics ours.) The property involved in this litigation is all personal property, and it is conceded that under the provisions of section 164 of the Civil Code it would be community property if that section is retroactive and constitutional. Section 172 of the Civil Code was amended and section 172a was added to the Civil Code on the same day as the amendment to section 164 of the Civil Code. Previous to the amendment, section 172 of the Civil Code gave the husband the management and control of all the community property with like power of disposition other than testamentary as he has of his separate estate, except that he could not give it away without consideration or sell the household furniture or wearing apparel without the written consent of the wife. By the amendment his absolute power was confined to personal property (Civ. Code, sec. 172; Stats. 1917, p. 829), and as to community real property, the husband was given the management and control thereof, subject to the requirement that the wife must join in any conveyance or encumbrance thereof except a lease for a year or less.

[1] Two rules have uniformly been adhered to in the interpretation of section 164 of the Civil Code and its amendments. First, that the law has been construed as applying only to property acquired in California, or by persons domiciled here. Second, that amendments are not to be construed as retroactive, unless the language thereof compels such a construction. [2] Thus, notwithstanding that the definition of community property has in terms included all property acquired by the husband or wife after marriage, other than that acquired by gift, bequest, devise, or descent, it has uniformly been held that property acquired in other states by persons domiciled therein and subsequently brought to California by them at the time of establishing residence in this state, retained the status that it had in the state where it was acquired, regardless of our definition of community property. As in most of the states, property acquired after marriage was the separate property of the husband; it remained such when brought to this state by the husband. (*Kraemer* v. *Kraemer*, 52 Cal. 302; *Estate of Burrows*, 136 Cal. 113, [68 Pac. 488]; *Estate of Niccolls*, 164 Cal. 368, [129 Pac. 278]; *Estate of Warner*, 167 Cal. 686, 691, [140 Pac. 583]; *Estate of Boselly*, 178 Cal. 715, [175 Pac.

4]; *Estate of Arms,* 186 Cal. 554, [199 Pac. 1053].) Under the law of the state of Illinois the personal property acquired by the decedent during his marriage and while domiciled in the state of Illinois would constitute his separate property (*Estate of Arms, supra; Kraemer* v. *Kraemer, supra*). It was so stipulated on the hearing of the report of the inheritance tax appraiser. Thus section 164 of the Civil Code, as originally enacted, was construed to have no extraterritorial force, but the amendment of 1917 to section 164 of the Civil Code expressly applies extraterritorially to "personal property wherever situated, acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this state," and the decision in this case hangs upon the proper application of this section to the facts. The Inheritance Tax Act of 1917 exempts from taxation the portion of the community property to which the wife succeeds under section 1402 of the Civil Code. The determination of that question in turn depends upon the definition of community property. We must, therefore, determine the rights of the wife as successor or heir to the community property in order to determine the proper deduction from her bequests.

The appellant advances two propositions with reference to the proper construction of these sections, first, that section 164 of the Civil Code is unconstitutional in so far as it seeks to convert the separate property of the husband or wife theretofore recognized as such by the laws of California into community property; and, second, that the statutes of 1917 should not be given a retroactive effect. In support of the first proposition, the appellant relies upon the decision in *Spreckels* v. *Spreckels,* 116 Cal. 339, [58 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228]. If, however, the statute cannot be given any retroactive effect, we need go no further in this case, for all the property acquired in the state of Illinois by the spouses was acquired and brought into the state before section 164 of the Civil Code was amended.

[3] The Civil Code expressly provides that "No part of it is retroactive unless expressly so declared" (Civ. Code, sec. 3), and this rule applies to the amendments to the Civil Code as well. (*Sharp* v. *Blankenship,* 59 Cal. 288; *Central Pacific R. R. Co.* v. *Shackelford,* 63 Cal. 261; *Bank of Ukiah* v. *Moore,* 106 Cal. 673, 680, [39 Pac. 1071]; *Estate*

*of Richards,* 133 Cal. 524, 527, [65 Pac. 1034].) It is also a general rule of statutory construction that statutes should not be construed retrospectively unless it is clear that such was the legislative intention. (*Bascomb* v. *Davis,* 56 Cal. 152.) In Cooley on Constitutional Limitations, seventh edition, page 529, it is said: " . . . it is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively." In Endlich on the Interpretation of Statutes (page 362), it is said: " . . . Indeed, the rule to be derived from the comparison of a vast number of judicial utterances upon this subject, seems to be, that, even in the absence of constitutional obstacles to retroaction, a construction giving to a statute a prospective operation is always to be preferred, unless a purpose to give it a retrospective force is expressed by clear and positive command, or to be inferred by necessary, unequivocal and unavoidable implication from the words of ·the statute taken by themselves and in connection with th e subject matter, and the occasion of the enactment, admitting of no reasonable doubt, but precluding all question as to such intention." (See, also, *Greer* v. *Blanchar,* 40 Cal. 194, 197: *Gates* v. *Salmon,* 28 Cal. 320, 321; *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48] ; *Willcox* v. *Edwards,* 162 Cal. 455, [Ann. Cas. 1913C, 1392, 123 Pac. 276] ; 36 Cyc. 1205.)

[4] The clause of section 164 of the Civil Code, as .amended, now under consideration, construed prospectively and not retrospectively, as required by our code (Civ. Code, sec. 3) and by our decisions, should be read as follows: "personal property wherever˙ situated (hereafter) acquired while domiciled elsewhere, which would not have been the separate property of either if acquired while domiciled in this state, is community property." So construed, all of the personal property owned by the decedent at the time he removed to the state of California would be his separate property, in accordance with the laws in force at the time of the transfer (1910), and would be unaffected by the amended definition of community property. [5] Section 1402 of the Civil Code, providing for the succession to the community property of deceased, would have no application to such separate property and section 1 of the Inheritance Tax Act of 1917, which refers only to the community prop-

erty to which the wife would succeed under section 1402 of the Civil Code, would have no application to such separate property. If this is the proper construction of section 164 of the Civil Code, we are not concerned with the question of whether or not the legislature could exempt such separate property so acquired from inheritance or succession taxes or could provide that the wife should succeed to one-half thereof. Conceding such power it was not exercised in the passage of the laws in question.

From this conclusion it results not only that the million dollars or thereabouts brought to the state of California by the decedent, but also the $200,000 rents, issues, and profits thereafter accumulated in this state before 1917, and that the $300,000 rents, issues, and profits thereto accruing subsequent to the enactment of the amendment of 1917 to section 164 of the Civil Code, was the separate property of the decedent. Although the $300,000 was the product of property acquired elsewhere, which property would have been community property if acquired in this state, it is not acquired in another state nor the product of such property acquired in another state after the enactment of the law of 1917, because from and after 1917, the $1,300,000 principal was in contemplation of law within the state, and the rents, issues, and profits were therefore the separate property of the husband (Civ. Code, sec. 163).

Judgment reversed, with instructions to the trial court to fix the inheritance tax payable by the widow, upon the valuations already determined and in accordance with this opinion.

Shaw, J., Sloane, J., Shurtleff, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.