[Crim. No. 2734. In Bank.—June 26, 1929.]

In the Matter of the Application of CLYDE E. CATE, a Disbarred Attorney, for Re-admission as an Attorney at Law.

Alfred E. Cate for Petitioner.

Hewitt, McCormick & Crump and Guy Richards Crump for Respondent, Los Angeles Bar Association.

Warren Olney, Jr., Victor E. Klevin and Robert L. Lipman, *Amici Curiae.*

RICHARDS, J.—This matter is before this court for determination after a decision by the District Court of Appeal in and for the Second Appellate District, Division Two, denying the application of the petitioner herein for reinstatement and re-admission to practice as an attorney and counselor at law, filed in said court on September 26, 1928, and upon which a petition for hearing herein was granted. Clyde E. Cate was admitted to practice his said profession after examination by said District Court of Appeal on June 14, 1912, and thereupon entered and for some years engaged in the practice of the law. On or about April 23, 1918, an accusation was filed against him, on behalf of the Los Angeles Bar Association, in the superior court in and for the county of Los Angeles, wherein he was charged with certain violations of his oath and duties as an attorney and counselor at law, and an order for his disbarment was sought, and on June 6, 1918, after due hearing, obtained by a judgment to that effect, duly made and entered in said court. Thereafter, and during the year 1921, the petitioner filed an application for reinstatement in said court, which was, by order of said court, denied. (54 Cal. App. 401 [201 Pac. 964].) During the year 1922 the petitioner renewed his application for reinstatement before said court, which application was also denied. (60 Cal. App. 279 [212 Pac. 694].) In the year 1924 he again applied to said court for reinstatement, which application was referred by said court to the then existing board of bar examiners to take testimony thereon and report to the court. Upon receiving the report of the board of bar examiners, which apparently was favorable to the applicant, upon the matter of his rehabilitation as to his moral status, said court nevertheless denied his application for reinstatement upon the ground that he had presented no formal application for re-examination as required by one originally seeking admission to practice under the provisions of sections 276 and 279 of the Code of Civil Procedure. In so doing said court erroneously relied upon and applied certain expressions in the case of *Danford* v. *Superior Court,* 49 Cal. App. 303 [193 Pac. 272]. A petition for hearing in this court in that matter, and also in

the companion proceeding entitled *In re Stevens,* also pending and similarly decided in that court, was granted and both of these matters came before this court for determination in the latter part of the year 1925, the decision in the Stevens case, which constituted the main opinion, being handed down on November 6, 1925 (197 Cal. 409 [241 Pac. 88]), the decision of the Cate case, briefly adopting the Stevens opinion, being filed on the same date. In deciding these two matters this court disapproved the language in the Danford case upon which the aforesaid appellate tribunal had placed reliance, holding that the requirement of a reexamination as to the mental qualifications of applicants for restoration to practice was not an indispensable prerequisite to such restoration to the profession, but was a matter which rested in the discretion of the judicial tribunal finally passing upon such application, depending upon the circumstances of the particular case. This court thereupon made an order in the Cate case, based upon the Stevens decision, to the effect ''that the matter be transferred to the District Court of Appeal, Second Appellate District, Division Two, for further proceedings in accordance with the terms therein expressed.'' The said court thereupon resumed jurisdiction over the Cate application and on April 20, 1926, again referred the matter to the state board of bar examiners for further investigation and report. The said board held the matter under investigation for more than a year, during the course of which hearings were had and much evidence educed which, it should be frankly conceded, largely preponderated in the petitioner's favor as to his moral rehabilitation. The report of said board of bar examiners was filed in said District Court of Appeal upon August 18, 1927, and after certain recitals of fact is embraced the following findings:

''From all the evidence we find:

''First: Applicant is possessed of such moral qualifications as entitle him to reinstatement.

''Second: There is such doubt as to the mental qualifications of applicant that an examination is necessary to determine them; and the nature and extent of the examination should be the same as is given other applicants seeking to be admitted to practice law in this state upon examination. Dated August 8, 1927.''

Thereafter, and on or about April 9, 1928, the petitioner moved said court that the cause be submitted for decision upon the aforesaid report and findings of the board of bar examiners, which motion was granted by said court. In the meantime, and on July 29, 1927, that certain act of the legislature known as the "State Bar Act" (Stats. 1927, p. 38) became effective, whereupon a question arose in said court as to whether it still had jurisdiction over this matter in view of the provisions of said State Bar Act or any further power to make any order in the premises. The said court gave its earnest and most exhaustive consideration to that subject, and on September 26, 1928, handed down its decision thereon, wherein it was held that it still possessed jurisdiction over the subject matter of the proceeding, notwithstanding the provisions and the taking effect of the State Bar Act. It is not, for reasons hereinafter to be stated, necessary that this court should enter upon a review of the basic principles undertaken to be set forth in said opinion and to be given application to the instant proceeding. The said court, however, holding that it had jurisdiction so to do, denied the petitioner's application, whereupon two petitions for a hearing in this court upon the merits of said decision were presented to this court, one on behalf of the petitioner, assailing the conclusion of said court in denying his petition, and one on behalf of the Los Angeles Bar Association, representing in interest, if not expressly, the board of governors of the state bar of California, created under the terms of said act and charged with its administration, assailing the position taken by said District Court of Appeal in upholding its jurisdiction to further consider and determine said proceeding after the effective date of the State Bar Act. Both of said applications for a further hearing in this court were granted, and after such further hearing the merits of each have been submitted to this court for decision.

Addressing ourselves to the consideration of these questions thus submitted to us for decision in the inverse order of their foregoing statement, we may state upon the threshhold thereof that if it shall be determined that the District Court of Appeal retained jurisdiction to finally hear and determine this matter after the adoption and effective date of the State Bar Act, this court has also jurisdiction to hear

and determine this matter upon the granting by it of the petition for such hearing under the powers with which it is invested by the constitution as expounded in the case of *In re Stevens*, 197 Cal. 408, 414 [241 Pac. 88], holding that a proceeding of this character was a "cause" which, if pending and decided in a District Court of Appeal, this court was given jurisdiction under section 4 of article VI of the constitution to transfer for hearing and determination in the Supreme Court.

■ We thus address ourselves to the question as to whether by the passage, provisions and occurrence of the effective date of the State Bar Act, the said District Court of Appeal was thereby divested of jurisdiction to further entertain, hear or determine the application of Cate for reinstatement as an attorney and counselor at law, which application upon the effective date of the State Bar Act was, and for several years prior thereto had been, properly pending before said tribunal, and which upon said date had been so far advanced as to be practically ready for submission and determination by and before said tribunal. The solution of this primary problem rests, in our opinion, upon the answer to the inquiry as to whether the State Bar Act is to be interpreted as being retroactive in respect to the particular provision which relates to the matter of the reinstatement of attorneys and counselors at law who have theretofore been disbarred. The sole provision in the State Bar Act which directly relates to the subject of reinstatement is that single sentence embodied in section 26 of the act, wherein, after setting forth in general terms the power with which the board of governors of the state bar is invested to disbar or to discipline the members of the State Bar Corporation, to be formed under the provisions of the act, proceeds to state that "The Board shall have power to pass upon all petitions for reinstatement." ■ We have examined most carefully the provisions, separately and in their entirety, of the State Bar Act for this as for other purposes and we look in vain through its provisions, as we also vainly seek in the general intent and purposes of said act, to find anything in either indicating any intent upon the part of the state legislature to provide that the act was to be retroactive in either its general operation or in its particular effect upon the matter of the reinstatement or

re-admission to practice of those members of the legal profession who had suffered disbarment under previously existing laws, and who had made timely application for such reinstatement or re-admission prior to the law becoming effective. ██ It is a canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intention. Our Civil Code contains the express provision that "No part of it is retroactive unless expressly so declared" (Civ. Code, sec. 3), and this court has frequently decided that a like rule is to be applied generally to statutory construction. (*Bascomb* v. *Davis*, 56 Cal. 152; *Estate of Richards*, 133 Cal. 524 [65 Pac. 1034]; *Estate of Frees*, 187 Cal. 150, 156 [201 Pac. 112], and cases cited; Cooley's Constitutional Limitations, 7th ed., p. 539; Endlich on Interpretation of Statutes, p. 362.) Applying this well-established principle to the terms in general of the State Bar Act, and particularly to the foregoing very briefly worded provision thereof, we deem it most unreasonable to conclude that the legislature thereby intended to so far divest judicial tribunals of a power and jurisdiction which from time almost immemorial they had exercised over the matter of the reinstatement of members of the legal profession as to snatch from their hands the disposition of causes of this character over which such courts had actually acquired and were then engaged in exercising jurisdiction. The embarrassing, if 'not positive evil, results of such an interpretation of this brief and very general sentence in the State Bar Act could not have a better illustration than that afforded by the facts of the instant proceeding as above *seriatim* set forth and with respect to which a deprivation of jurisdiction of said court to crown its years of investigation of the facts and law from time to time developed in the cause pending before it by a decision upon the merits thereof, would involve an entire loss to the court and all parties concerned of the time, cost and labor expended in the endeavor to reach a righteous conclusion in this long-pending controversy. And a like result would attend other causes of a similar nature over which the appellate courts, or even this court, had already acquired jurisdiction and which were in their several stages of procedure toward final disposition. We are entirely satisfied that no such conse-

quences were in the contemplation of the legislature in its adoption of the State Bar Act and that, at least as to this provision thereof, it is entirely prospective in its operation, having application only to such proceedings relative to the reinstatement of disbarred attorneys as should thereafter be initiated before the board of bar governors.

The conclusion thus arrived at relieves the instant proceeding of its most serious and perplexing problems and places this court in a position to pass upon the merits of the application of the petitioner herein for reinstatement or re-admission to the ranks of the legal profession. We have given careful consideration to the record before us in its entirety, including the reported transcripts of the several investigations into the merits of the petitioner's several applications for re-admission to practice law. We are satisfied from such examination that the final finding of the board of bar examiners, which is above set forth, touching the moral and social rehabilitation of the petitioner herein is fully supported by the evidence educed before said board and that such finding should be, and the same is hereby sustained and adopted by this court. As to the other finding of the said board of bar examiners to the effect that the petitioner herein should be required to submit himself to an examination as to his mental qualifications to be again admitted to the practice of the legal profession, whatever procedural difficulties might have arisen in giving effect to this finding in view of the changed conditions created by the adoption of the State Bar Act, these we think have been removed by the expressed satisfaction of the petitioner with such finding and his declared willingness to submit himself to its suggested recourse of the like examination as to mental qualifications as that which those seeking original admission to the bar are required to undergo. This expressed attitude places the petitioner in the category of an original applicant for admission upon examination whose qualifications as to moral character have been satisfactorily shown.

It is, therefore, ordered that the further proceedings in this matter be, and they are hereby, referred to the board of bar examiners as presently constituted, for action by said board in accordance with the views expressed in this opinion.

Shenk, J., Langdon, J., Curtis, J., Preston, J., Waste, C. J., and Seawell, J., concurred.