[Civ. No. 7608. First Appellate District, Division Two.—December 15, 1930.]

In the Matter of the Estate of SUSAN WHITING, Deceased. CHARLES H. FRANCIS et al., Appellants, v. DON CARLOS BARRETT, as Executor, etc., et al., Respondents.

Joseph L. Taaffe and John J. Taaffe for Appellants.

Thomas & Sullivan, Barrett & Barrett and M. M. Getz for Respondents.

PRESTON (H. L.), J., *pro tem.*—Susan Whiting died testate in San Francisco, California, on October 11, 1928,

being a resident thereof at the time of her death and leaving an estate therein. After proper proceedings had, her will was admitted to probate in the Superior Court of the City and County of San Francisco on October 30, 1928, and Don Carlos Barrett was appointed executor thereof, who immediately qualified and ever since has been and now is the executor of said estate.

On October 28, 1929, Charles H. Francis and Harry Whiting Francis, claiming to be sole surviving heirs of Susan Whiting, deceased, filed in said superior court a petition to revoke the probate of said will on the grounds of incompetency, undue influence, insane delusions, and that the will was not executed or published by decedent.

The executor and the devisees and legatees named in the will demurred to said petition and moved to dismiss same upon the following grounds, among others: (1) That the court was without jurisdiction to hear or determine said petition to revoke the probate of said will of said deceased; (2) That the petitioners were barred by the provisions of section 1327 of the Code of Civil Procedure, as amended in 1929. (Stats. 1929 p. 860.)

The trial court sustained the demurrer, dismissed the petition and entered an order and judgment to that effect. From this order and judgment the petitioners, Charles H. Francis and Harry Whiting Francis, prosecute this appeal.

Section 1327 of the Code of Civil Procedure, as it stood prior to the amendment of 1929, provided: ''When a will has been admitted to probate, any person interested may, at any time within one year after such probate, contest the same or the validity of the will . . . '' The amendment of 1929, among other things, shortened the time to contest a will after probate to six months. This amendment went into effect on August 14, 1929.

When Mrs. Whiting died, and at the time her will was admitted to probate (October 30, 1928), petitioners had, under section 1327 of the Code of Civil Procedure, as it then stood, *one year after probate within which to contest her will.* The contest was filed *October 28, 1929*—two days short of one year after the will was admitted to probate, but within two months and fourteen days after the amendment of 1929 to said section 1327 of the Code of Civil Procedure became effective.

Respondents contend that "When the amendment became effective on August 14, 1929, it became the law as to all petitions for revocation of probate thereafter filed, whether such probate was allowed before or after August 14, 1929, both as to the time of filing and as to the class of persons entitled to file."

Appellants, on the other hand, contend, among other things, that they had a full six months after the effective date of the amendment to section 1327 of the Code of Civil Procedure, within which to contest will and, therefore, their petition was filed in time.

■ The right to contest a will after probate is purely statutory; no such right existed under the common law. (40 Cyc., p. 1240.) Therefore a contest after probate is limited to the rights given by the statute as to the time, grounds and persons, and the legislature may repeal or amend the statute at any time.

■ The question is, therefore, narrowed to this: When did the 1929 amendment of section 1327 of the Code of Civil Procedure become effective so far as appellants' right to contest the will of Mrs. Whiting, after probate, is concerned? Or, in other words, when did the statute (sec. 1327, Code Civ. Proc.), as amended in 1929, begin to run with reference to the time within which appellants could contest the will? Was it from August 14, 1929, the effective date of the amendment, or from October 30, 1928, the date the will was admitted to probate?

The general rule applicable in such cases is pertinently stated by Mr. Wood in his work on Limitations, as follows: (Section 12) "If before the statute bar has become complete the statutory period is changed, and no mention is made of existing claims, it is generally held that the old law is not modified by the new, so as to give to both statutes a proportional effect; but that the time past is effaced, and the new law governs. That is, the period provided by the new law must run upon all existing claims, in order to constitute a bar. In other words, the statute in force at the time the action is brought controls, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was in force, and before the suit is brought, in which case the suit is barred, and no subsequent statute can renew the right or take away the

bar . . . '' (See, also, *Crothers* v. *Edison Elec. Co.*, 149 Fed. 606; *Swamp Land Dist. No. 307* v. *Glide,* 112 Cal. 85 [44 Pac. 451], and cases there cited; 16 Cal. Jur. 406; *Nelson* v. *Nelson,* 6 Cal. 430; *Sohn* v. *Waterson,* 17. Wall. 596 [21 L. Ed. 737].)

In *Swamp Land Dist. No. 307* v. *Glide, supra,* Mr. Justice Henshaw, considering a similar situation as we have in the case at bar, said: ''But a man has no vested right in the running of the statute of limitations until it has completely run and barred the action; and when a change in the statute is made during the time of its running, that time is not a credit to the defendant, under the new law. *The whole period contemplated by the new law must lapse to bar the action* (italics ours). Such are the general rules applicable alike to criminal and civil actions, unless the new act itself expresses a contrary intent.''

Therefore, if the general rule, above stated, is to be applied to the amendment, appellants would have six months after the effective date thereof within which to file their contest, and having filed their contest on October 28, 1929, were clearly within time.

On the other hand, if the legislature intended that the amendment to section 1327 of the Code of Civil Procedure should become effective on August 14, 1929, *as to all petitions for revocation of the probate of wills filed after August 14, 1929, whether such wills had been admitted to probate before or after August 14, 1929,* then appellants' time to contest said will began to run when it was admitted to probate (October 30, 1928) and expired six months thereafter and before appellants' contest was filed. This last interpretation of the amendment would give it a retrospective operation.

It is a well-settled principle of statutory construction that, while the legislature has power to pass retroactive laws which do not impair the obligations of contracts or affect injuriously vested rights, it is equally true that statutes are not to be construed as intending to have a retroactive effect, so as to affect a right of action already accrued, unless such intent *is expressly declared or necessarily implied from the language of the enactment.* (*Williams* v. *Johnson,* 30 Md. 500 [96 Am. Dec. 616]; *James* v. *Oakland Traction Co.,* 10 Cal. App. 785, 796, 797 [103 Pac. 1082];

*Greer* v. *Blanchar,* 40 Cal. 197, 198; *Gates* v. *Salmon,* 28 Cal. 320, 321; *Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48]; *Wilcox* v. *Edwards,* 162 Cal. 455 [Ann. Cas. 1913C, 1392, 123 Pac. 276]; *Estate of Richmond,* 9 Cal. App. 402 [99 Pac. 554]; *Montecito County Water Dist.* v. *Doulton,* 193 Cal. 398 [224 Pac. 747]; *Vanderbilt* v. *All Persons,* 163 Cal. 507 [126 Pac. 158]; *East Bay Municipal Utility Dist.* v. *Garrison,* 191 Cal. 680 [218 Pac. 43]; 36 Cyc. 1205; *Bascomb* v. *Davis,* 56 Cal. 152; *Estate of Frees,* 187 Cal. 150, 156 [201 Pac. 112]; *Estate of Parker,* 200 Cal. 132, 141 [251 Pac. 907]; *State Commission in Lunacy* v. *Welch,* 20 Cal. App. 624, 630 [129 Pac. 974]; Endlich on the Interpretation of Statutes, p. 362; *Jones* v. *Summers,* 105 Cal. App. 51 [286 Pac. 1093]; *Krause* v. *Rarity,* 210 Cal. 644, [293 Pac. 62].)

In the *Matter of Clyde E. Cate, etc.,* 207 Cal. 443 [279 Pac. 131, 133], Mr. Justice Richards said: "It is a canon of interpretation that statutes are not to be given a retro-spective operation unless it is clearly made to appear that such was the legislative intention."

The rule of construction above announced is not alone supported by the foregoing authorities and many others that could be cited, but the legislature of this state has expressly prescribed certain rules of interpretation which reflect the general legislative policy of this state upon the question of the effect of legislation repealing or amending statutes upon rights of action which have accrued prior to the enactment of such legislation. Section 3 of the Civil Code contains the express provision: "No part of it (Civ. Code) is retroactive, unless expressly so declared." A similar provision is found in section 3 of the Code of Civil Procedure; section 3 of the Penal Code, and section 3 of the Political Code, *and this rule applies to the amendments to the codes as well.* (*Estate of Frees, supra; Sharp* v. *Blankenship,* 59 Cal. 288; *Central Pac. R. R. Co.* v. *Shackelford,* 63 Cal. 261; *Bank of Ukiah* v. *Moore,* 106 Cal. 673, 680 [39 Pac. 1071]; *Estate of Richards,* 133 Cal. 524, 527 [65 Pac. 1034]; *McKay* v. *Lauriston,* 204 Cal. 557, 566 [269 Pac. 519]; *In the Matter of the Application of Cate, supra; People* v. *Allied Architects Assn.,* 201 Cal. 437 [257 Pac. 511].)

We have carefully read the 1929 amendment to section 1327 of the Code of Civil Procedure, and find no language contained therein that would give any intimation that the legislature intended that said section should have a retrospective operation.

The amendment under consideration does not take away the right to contest a will after probate, but merely limits the right of contest to persons of a certain class and shortens the time from one year to six months within which a contest after probate must be commenced. *The right to contest under the new statute is the same as under the old;* therefore there is no merit in respondents' contention that the trial court was without jurisdiction to entertain the contest. Even though the amendment be held to be retroactive, still the court would have jurisdiction to entertain a contest filed after the lapse of six months and make a binding order and judgment in the absence of the interposition of the six months' statute. The situation would be similar to a suit on a promissory note that was barred by the statute of limitations—*the court would have jurisdiction to render judgment against the maker of the note if the statute of limitation be not interposed.*

Respondents further contend that this case falls within the rule announced in such cases as *Moss* v. *Smith,* 171 Cal. 777 [155 Pac. 90], *People* v. *Bank of San Luis Obispo,* 159 Cal. 65 [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866], *Wilcox* v. *Edwards, supra, Freeman* v. *Glenn County Tel. Co.,* 184 Cal. 508 [194 Pac. 705], and *Chenowith* v. *Chambers,* 33 Cal. App. 104 [164 Pac. 428]. An examination of those cases will show that the statutes involved had been repealed entirely, without a saving clause, or amended so that the cause of action upon which they were founded was entirely removed from the operation of the old law, either specifically or by necessary implication. Those cases are readily distinguishable from the case at bar. (See *Krause* v. *Rarity, supra.*)

As above stated, in the case at bar the right to contest after probate has not been taken away, but the time within which the contest should be filed has been shortened from one year to six months.

From what has been said, it follows that we are of the opinion that the contest of appellants was filed within

time and that the order and judgment should be reversed, and it is so ordered.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of. Appeal on January 14, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1931.

Seawell, J., dissented.