[Civ. No. 11177. Second Appellate District, Division One.—February, 11, 1937.]

SECURITY FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) et al., Respondents, v. BEN SAPKIN et al., Appellants.

Lawrence M. Cahill and L. A. Bloom for Appellants.

Gene G. Curry and Thomas M. Parrington for Respondents.

DORAN, J.—Plaintiffs' complaint, which was filed October 20, 1933, sought judgment for the unpaid balance due upon a promissory note made by defendants and appellants, following the exercise of a power of sale contained in a deed of trust securing said promissory note.

The sale under the deed of trust was held on June 28, 1933. At the date of sale the time within which such an action could be brought, under the provisions of section 337 of the Code of Civil Procedure, was four years from the date of sale. An amendment to this provision, as well as new section 580a of the Code of Civil Procedure, which became effective August 21, 1933, shortened the time within which to institute such an action to three months from the date of sale. The decisive question herein, therefore, is: When did section 337 as amended, and section 580a of the Code of Civil Procedure, begin to run with reference to the time within which respondents could file their complaint?

Appellants contend that a statute which merely effects a change in civil procedure may have a valid retrospective application, and they rely upon the authority of *Kerckhoff-Cuzner Mill & Lumber Co.* v. *Olmstead*, 85 Cal. 80 [24 Pac. 648], and also upon *Rosefield Packing Co.* v. *Superior Court*, 4 Cal. (2d) 120 [47 Pac. (2d) 716]. The Kerckhoff case involved the construction of a section in question therein, and the court held: "We do not think that the amendment, when

applied to the case in hand, is retroactive in effect.'' In the Rosefield case the principal point under consideration was the constitutionality of a statute. The contention, therefore, that a statute which merely effects a change in civil procedure may have a valid retrospective application is correct as far as it goes, and is not without abundant support in the authorities, but section 3 of the Code of Civil Procedure provides that no part of the Code of Civil Procedure is retroactive, unless expressly so declared. There is no express provision in the amendment to section 337 of the Code of Civil Procedure, or in section 580a, suggesting any intention to give it retroactive effect. ''It is a well-settled principle of statutory construction that, while the legislature has power to pass retroactive laws which do not impair the obligations of contracts or affect injuriously vested rights, it is equally true that statutes are not to be construed as intending to have a retroactive effect, so as to affect a right of action already accrued, unless such intent is expressly declared or necessarily implied from the language of the enactment.'' (*Estate of Whiting,* 110 Cal. App. 399, 403 [294 Pac. 502].) In *In re Cate,* 207 Cal. 443, 448 [279 Pac. 131], the court declared: ''It is a canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intention.'' The same doctrine is applied in *Bank of America Nat. T. & S. Assn.* v. *Dennison,* 8 Cal. App. (2d) 173 [47 Pac. (2d) 296].

Under the authorities last cited, respondents' complaint was filed within the statutory period of limitations.

Judgment is affirmed.

York, J., concurred.

Houser, P. J., dissented.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 12, 1937, and the following opinion then rendered thereon.

THE COURT.— In denying the petition for hearing in this court after decision by the District Court of Appeal of the Second Appellate District, Division One, we withhold our approval of that language which is apparently an in-

advertence, to the effect that the statute of limitations in an action to recover a deficiency after sale under a deed of trust, was four years from the date of the sale. Under section 337 of the Code of Civil Procedure prior to the amendment of 1933 the statute of limitations was four years from the date of maturity.

The petition for a hearing is denied.