[Civ. No. 26815.   Second Dist., Div. Four.   May 14, 1963.]

THE CITY OF SANTA BARBARA, Plaintiff and Respondent, v. CALVIN W. CLOER et al., Defendants and Appellants.

Harry W. Brelsford for Defendants and Appellants.

Stanley T. Tomlinson, City Attorney, for Plaintiff and Respondent.

BURKE, P. J.—This is an appeal by defendant property owners from a preliminary judgment in condemnation in favor of plaintiff city for the fee title absolute to certain property located in unincorporated territory of the County of Santa Barbara. The city council, by resolution, resolved that public interest and necessity required the acquisition of the property for airport clear zone purposes. It was stated in the resolution that public interest and necessity require the acquisition of the property, and that it be condemned, but the resolution did not expressly recite or determine the necessity for taking the fee title absolute to the property in question.

The complaint was filed February 16, 1961, and defendants answered raising issues of public use, necessity, quantum of estate to be taken and valuation.

A trial was held on all of the issues, except that of valuation, by the court sitting without a jury and the court found that the public use and necessity require the acquisition by the city of the property in fee, reserving to defendants an irrevocable free license to use and occupy the property for all purposes except the erection or maintenance of structures or the growth or maintenance of vegetable life above 19 feet in height.

Thereafter, upon motion which was granted by the court, plaintiff filed an amended complaint together with a new resolution of the city council adopted March 20, 1962, in which resolution the council declared the necessity for obtaining the fee title to the property. A demurrer to the amended complaint was overruled and an answer filed again denying public necessity for the taking or for the proposed improvement or for locating the proposed clear zone over the property of defendants. These issues were tried by the court and the court found that the public use and necessity require the acquisition by the city of the fee title absolute without reservation to the property owners of any estate or right. These proceedings were followed by a jury trial on the issue of valuation and defendants were awarded $14,500 as the fair market

value of the property as of May 22, 1962, the date of trial. Plaintiff prepared a preliminary judgment and deposited the amount of the award with the clerk.

Section 1239.4 of the Code of Civil Procedure, as added in 1945, and as it existed at the time the original complaint in the within action was filed, contains authorization for the acquisition of property to protect the approaches of any airport from the encroachment of structures or vegetable life to such a height as to interfere with or be hazardous to the use of aircraft, reserving to the owners of the property an irrevocable free license to use and occupy such land for all purposes except the erection or maintenance of structures or the growth or maintenance of vegetable life above a certain prescribed height.

Section 1239.4 was amended in 1961 by adding the following words: "or may be acquired by a county, city or airport district in fee," thus expressly giving the condemner the choice of acquiring the unencumbered fee title absolute to the property as an alternative to acquiring the property subject to the irrevocable free license to use the property for other purposes.

The plaintiff filed its amended complaint after the enactment by the Legislature of the above amendment to section 1239.4. It is the contention of defendants that this amendment, which assertedly affects substantive rights, is not retroactive under the general rule of statutory construction that statutes should not be so construed unless it is clear that such was the legislative intent. (*Estate of Frees,* 187 Cal. 150 [201 P. 112].) Plaintiff takes the position that the above section, both before and after the 1961 amendment, provided a permissive and alternative method of acquiring land necessary for airport purposes. It asserts that the statute does not contain words of limitation and that the intent of the amendment was to clarify and not necessarily enlarge the quantum of estate permissible to be acquired by the public airport owner and operator.

Plaintiff points to the provisions of section 1239, subdivision 4, Code of Civil Procedure (not to be confused with section 1239.4), which was added by the Legislature in 1949 and was in effect at all times during the pendency of the within litigation, which provides that when property is taken by a city, or other public entities therein mentioned, ". . . regardless of the use, a fee simple may be taken if the legislative or other governing body . . . shall, by resolution, determine the

taking thereof in fee to be necessary. Such resolution shall be conclusive evidence of the necessity for the taking of the fee simple.'' Such provision, having been added to section 1239 subsequent in point of time (1949) to the enactment of section 1239.4 (1945), must be read in connection with the latter section, and when this is done it may be seen, plaintiff contends, that even prior to the 1961 amendment to section 1239.4 the condemner had the right to take a fee simple title absolute to the property if its legislative body found that such taking was necessary. That this was in fact the legislative intent is apparent from a consideration of the 1953 Airport Approaches Zoning Law, section 50485 et seq., Government Code, wherein it is provided that if it appears advisable that necessary approach protection be provided by acquisition of property rights rather than airport zone regulations the city may acquire by purchase or condemnation such air right, air navigation easement or other estate or interest in the property as may be necessary to effect the purposes of the act.

A similar problem of statutory construction was involved in *Monterey County Flood Control & Water Conservation Dist.* v. *Hughes,* 201 Cal.App.2d 197 [20 Cal.Rptr. 252], wherein this court ruled that the district had power to condemn land for recreational purposes incidental to a dam and reservoir for flood control and water conservation before a specific provision for such power was made by an amendment to the original legislative act creating the district. ■ Absent any express limitation imposed by the Legislature, the principle of taking incidental property to carry out and make effective the principal uses involved has been recognized by the courts. (See *University of So. California* v. *Robbins,* 1 Cal.App.2d 523 [37 P.2d 163].) ■ We hold that the plaintiff had the power to condemn the fee title absolute to the property prior to the 1961 amendment and that the latter amendment merely clarified the provisions of section 1239.4 so as to remove any doubt which might otherwise exist in attempting to reconcile the provisions of that section and the provisions of section 1239, subdivision 4. ■ The filing of an amended complaint and the adoption of a new resolution by the city council are viewed by this court as having been unnecessary although not improper to avoid possible ambiguity. Defendants contend that the city's amended complaint is in fact a supplemental complaint and was improperly allowed to be filed in that it introduced a new cause of action. As we view the case, neither the enactment of the

1961 amendment to section 1239.4 nor the adoption of the second resolution by the city council nor the amendment to the complaint introduced a new cause of action.

■ Defendants assert correctly the basic rule that an amended or supplemental pleading must relate to and be material to the original case (Code Civ. Proc., § 464), and that the parties may be allowed on motion to file a supplemental pleading only if they allege facts material to the case occurring after the former complaint or answer. ■ While the amendment to the complaint did recite the adoption of a new resolution of the city council, such resolution merely reiterated the original findings that public necessity and convenience require the acquisition of the fee title to the property. The intent was identical with the former resolution. The language used removed any doubt that what had been and was intended was the acquisition of the unencumbered fee title absolute of the property. The crucial consideration is that the facts alleged in the amended pleading were material to the original pleadings and we hold there was no abuse of the court's discretion in permitting the amended pleading to be filed. (See *Kern County Union High School Dist.* v. *McDonald,* 180 Cal. 7 [179 P. 180], and *Monterey County Flood Control & Water Conservation Dist.* v. *Hughes, supra,* 201 Cal.App.2d 197.)

■ Defendants contend the trial court erred in permitting a new trial on the special issues without, in effect, formal proceedings for a new trial and the vacating of the findings actually signed relating thereto. This case was a bifurcated one, with the trial of the issue of valuation reserved for a jury hearing after a trial on the special legal issues by the court. No preliminary judgment was entered on the findings on special issues first tried. In such first findings the court, obviously construing the proceedings to be pursuant to section 1239.4 prior to its 1961 amendment, apparently believed the defendants were entitled to a reservation of an irrevocable free license to use and occupy the land, and so found, but the court also found that plaintiff was not to "be precluded or prejudiced by any finding herein contained from proceeding in the future under Eminent Domain proceedings and acquiring any and all interest of the defendants, . . ." When, as a coincidence, during the pendency of this action, Code of Civil Procedure section 1239.4 was amended to expressly permit the acquisition of fee title without a reservation to the former owners the court permitted the filing of

an amended complaint purportedly seeking such new relief. Thereafter, further proceedings were had and further evidence taken culminating in a new set of findings which were followed by a preliminary judgment determining the condemnation of the property.

Although termed a new trial by defendants in their brief, the proceedings following the order permitting the filing of the amended complaint and answer thereto were in fact a reopening of that portion of the trial of special issues, and while there was no formal order vacating the court's prior findings it is clear that the new findings were intended to supersede the prior findings and the preliminary judgment was entered thereon.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.